EDWARD R. DEIBERT, PLAINTIFF-APPELLEE, v. DEVEL-
OPMENT BUILDING AND LOAN ASSOCIATION, A COR-
PORATION OF THE STATE OF NEW JERSEY, DEFEND-
ANT-APPELLANT.

Submitted January 31, 1930—Decided March 6, 1930.

Before Justices PARKER, BLACK and BODINE.

For the defendant-appellant, *Aaron Heine.*

For the plaintiff-appellee, *Edward R. Deibert, pro se.*

PER CURIAM.

It appears from the agreed state of the case that a man
named Sullivan owned shares of stock in the defendant build-
ing and loan association. He gave notice on July 23d, 1928,
that he desired to obtain the withdrawal value of his shares.
Leave so to do was granted and a check was made out to his
order, which remained in the possession of the attorney for
the association until November 17th, 1928. The by-laws state
that after notice of withdrawal shares are non-assignable.

On September 27th, 1928, Sullivan assigned to the plain-
tiff, Deibert, his right to the money due from any shares
which he might have in the defendant company. Notice of
this assignment was presently given to the association, but
subsequent thereto the sheriff of Camden county levied upon
the check and the proceeds thereof were paid to one of Sul-
livan's judgment creditors on endorsement of the sheriff.

The District Court gave judgment to Sullivan's assignee. In this we think there was no error. The assignment was of money due, and was perfected by notice long before there was a levy by the sheriff.

It is urged here that the suit was prematurely brought under *Pamph. L.* 1925, *ch.* 65. Our examination of the record does not indicate that this point was raised below. The judgment of the District Court was predicated on the bare legal proposition that the assignment of the money due was perfected before levy, and that hence the assignee was protected. In this there was no error.